IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

———————

UNITED STATES OF AMERICA,

       Plaintiff,

v.   No. CR 02-1891 BB

WILLIAM PIRTLE,

       Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court for consideration of three motions to dismiss filed by Defendant (Docs. 15, 16, 17). Having considered the submissions of the parties and the applicable law, the Court will deny all three motions.

**Ex Post Facto and Statute of Limitations Arguments:** Defendant's argument under the ex post facto clause is as follows: (1) failure to pay an interstate child support obligation was not a felony until 18 U.S.C. § 228 was amended in 1998; (2) the indictment alleges that Defendant's willful failure to pay his past-due child support obligation began on November 1, 1995; and (3) therefore, the indictment must be dismissed because it criminalizes conduct that did not violate the current version of § 228 at the time of the conduct.[1] This argument, however, overlooks the fact that the indictment states that Defendant's willful failure to pay child support

---

[1] Defendant properly does not argue that he cannot be charged with failure to pay child support amounts that accrued prior to the amendment of § 228. As Defendant recognizes, § 228 criminalizes the failure to pay the accrued amounts of support, not the accrual of those amounts. Therefore, § 228 is directed only at conduct, the failure to pay, that occurred after June 24,1998, the effective date of the amendment. The ex post facto clause does not come into play simply because the amounts Defendant did not pay had already accrued on that date. *See United States v. Wilson*, 210 F.3d 230, 234-35 (4th Cir. 2000).

occurred "From on of about November 1, 1995, *and continuing to on or about the date of this Indictment...*" The indictment therefore alleges that Defendant continuously violated § 228 for approximately four years after the amendment of § 228. There is no ex post facto argument to be made with respect to that portion of the indictment, and the indictment will not be dismissed on this ground.[2] *See United States v. Smith*, 918 F.2d 1032, 1036 (2d Cir. 1990) (scope of an indictment may be narrowed by proof offered at trial, or by redaction; no need to dismiss entire indictment simply because it alleges more crimes than can legally be proven).

The same analysis applies to Defendant's statute-of-limitations argument. He contends the indictment alleges that he violated § 228 during a period of time that is outside the limitations period for this offense. However, the indictment clearly alleges that he also violated § 228 during a period of time within the applicable limitations period. There is no reason to dismiss the indictment simply because it states that Defendant's conduct began at a time outside the limitations period, when it also alleges the conduct continued during the limitations period.[3] *See Smith*.

**Commerce Clause and Tenth Amendment Arguments:** As Defendant recognizes, the Tenth Circuit has held that § 228, both in its prior and current versions, does not violate either the Commerce Clause or the Tenth Amendment. *See United States v. Monts*, 311 F.3d 993 (10th Cir.

---

[2]Should the government fail to introduce evidence at trial proving that Defendant violated § 228, as amended, after the date of the amendment, the ex post facto clause would of course come into play. *Cf. United States v. Mussari,* 152 F.3d 1156 (9th Cir.1998) (evidence of failure to pay prior to enactment of former version of § 228 should not have been used as basis for conviction).

[3]It should be noted that the failure to pay past-due child support is a continuing offense, and the indictment properly alleges it as such. *See United States v. Russell*, 186 F.3d 883, 886, n.4 (8th Cir. 1999).

2002); *United States v. Hampshire*, 95 F.3d 999 (10th Cir. 1996).  While Defendant argues the Tenth Circuit's decisions were wrong, this Court does not have the authority to ignore binding precedent.  These arguments will therefore be rejected.

**Federalism, Comity, and Prudential Arguments:**  Defendant points out that he is now living in New Mexico, that the state courts are now willing and able to pursue the child support matter, and that the state courts are actively doing so.  Therefore, he argues, there is no reason to pursue the federal criminal case and this Court should abstain from the matter.  He cites two of the major abstention doctrines arising out of the Supreme Court cases *Younger v. Harris*, 401 U.S. 37 (1971), and *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).  The short answer to his contention is that this case is a criminal prosecution undertaken by the United States, rather than a civil case.  The *Younger* and *Colorado River* abstention doctrines do not apply to federal prosecutions.  *See United States v. Long*, 324 F.3d 475, 477 (7th Cir. 2003) (noting that federal court generally may not choose to abstain from exercising its jurisdiction in a criminal prosecution); *United States v. Geiger*, 263 F.3d 1034, 1040 (9th Cir. 2001) (*Younger* abstention does not apply to federal criminal prosecutions; federal prosecutor may indict state criminal defendant even while state proceedings are ongoing); *United States v. Dicter*, 198 F.3d 1284, 1291 (11th Cir. 1999) (holding that *Younger* was inapplicable to the case at bar because the case was a "direct, federal criminal prosecution"); *see generally United States v. Composite State Bd. of Med. Exam'rs,* 656 F.2d 131, 134 (5th Cir. 1981) (abstention is inappropriate where United States seeks to assert a federal interest against a state interest).

The longer answer is that, if the Court were to consider the abstention doctrines argued by Defendant, the Court would find they do not apply to this case.  Several district courts have

analyzed the abstention issue in the context of a § 228 prosecution, and have rejected the argument that one or another abstention doctrine should apply. *See, e.g., United States v. Lewis*, 936 F.Supp. 1093, 1106-09 (D.R.I. 1996) (rejecting application of several types of abstention, and noting that it is unclear whether any of the abstention doctrines would apply to a federal criminal prosecution in any event); *United States v. Collins*, 921 F.Supp. 1028, 1033-34 (W.D.N.Y. 1996) (holding that abstention doctrines do not apply to federal criminal prosecutions; also rejecting argument that comity principles would require federal court to prevent prosecution under § 228). Defendant's argument is essentially a policy argument, that this Court should refuse to exercise its jurisdiction over this criminal case because the state is now able to enforce its support orders and this federal case is therefore unnecessary. While the Court may wonder about the allocation of resources, it is not this Court's province to override the executive branch's decisions about when it is advisable to prosecute an individual for a violation of federal law. If Defendant violated § 228 while he lived outside New Mexico, the crime occurred at that point and was not erased by his return to this state. The United States Attorney's office has apparently decided to pursue this prosecution for the alleged crime, despite Defendant's stated intentions to remain in New Mexico and pay the accrued child support arrearage. Neither the *Colorado River* doctrine, the *Younger* doctrine, nor any other abstention doctrine gives this Court the authority to overrule, on policy grounds, the decision to pursue this prosecution. Defendant's abstention, comity, and prudential arguments must therefore be rejected.

**Conclusion:** Based on the foregoing, all of Defendant's motions to dismiss will be denied.

## ORDER

A Memorandum Opinion having been filed this date, it is hereby ORDERED that Defendant's motions to dismiss (Docs. 15, 16, 17) are DENIED.

Dated this 19th day of May, 2003.

                                                                        _____
                                                                        BRUCE D. BLACK
                                                                        United States District Judge

**ATTORNEYS**:

**For Plaintiff**:
James W. Bibb

**For Defendant:**
Michael A. Keefe